IN THE EIGHTEENTH JUDICIAL

DISTRICT COURT OF SEDGWICK COUNTY

WICHITA, KANSAS

FILED

2008 OCT 31  AM 10 44

CLERK OF DIST. COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KS

BY

| | | |
|---|---|---|
| Jonathan E. Ledin, Plaintiff | ) | |
| 801 W 19 | ) | |
| Hutchinson, Ks 67502 | ) | K.S.A. CHAPTER 60 |
| 620-899-8565 | ) | Demand for Jury Trial |
| vs. | ) | |
| South and Associates P.C., Defendants | ) | Case No:   **08 C V 4 2 3 2** |
| 245 N. Waco #400 | ) | |
| Wichita, Kansas 67202 | ) | |
| (316) 684-7733 | ) | |

**C O P Y**

## CIVIL ACTION COMPLAINT

**COMES NOW** Plaintiff , Jonathan E. Ledin and for his cause of action submits a Civil Action Complaint against the above named Defendants of South and Associates P.C. for violation of State and Federal Laws as specified herein. Plaintiff demands a Jury Trial to return a verdict of guilty upon the Defendant's for charges of violating Plaintiff's Rights to Due Process, Illegal Dept Collection Practices, Failure to Properly Join a Party and Failure to File an Answer.

1

EXHIBIT A

1. Plaintiff seeks extra ordinary relief in damages totaling $10 million dollars. Plaintiff claims Defendants are jointly and severally liable for the stated charges specified herein. That a Temporary Retraining Ordered be issued (TRO) against Defendant's of South and Associates from practicing law until such time that a Judgment is issued and is satisfied from a settlement offering Defendant's may make before trial. That failure to make a settlement offering entitles the Jury Trial to find the Defendants guilty of the stated charges as described herein and to further recommend Defendant's for permanent disbarment from the debt collection practice of law.

**Jurisdiction**

2. The District Court has Jurisdiction pursuant to **K.S.A Chapter 60** and

**U.S.C.  15§ 1692k:**

*Civil Liability*

*An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.*

**Facts**

3. The Defendant's of South and Associates are a law firm licensed in Kansas to practice law for the sole purpose of debt collection. Defendants do not have the legal authority to foreclose on real property and are not the Real Party in Interest as described in **K.S.A. 60-217**. Defendants therefore lack standing to bring a suit to foreclose when they are debt collectors. Defendants were attempting to foreclose on the property listed below. Defendants were retained by Wells Fargo who was the Plaintiff on a Petition to Foreclose in Reno County District Court Case No. 07CV642. Defendant's initiated a Petition to Foreclose on December 20, 2007 for the property listed below with a legal description of:

> **Tract 1: The North 83 ½ feet of Lots 1,2,3, and 4, Block 28, College Hill Addition to the City of Hutchinson, Reno County, Kansas, according to the duly recorded Plat thereof.**

> **Tract 2: Easement over and across the South 91 ½ feet of Lots 1,2,3 and 4, Block 28, College Hill Addition to the City of Hutchinson, Kansas for public utility lines as the same are now located, together with ingress and egress to repair and maintain the same. Said easement to run with the title to the land, commonly known as 801 W 19th Avenue, Hutchinson, KS 67502(the "Property")**

4.  Said property was an equity loan from Wells Fargo which was in the name of Charles and Ruth Ledin who are Plaintiff's parents. Both of Plaintiff's parents were deceased at the time of foreclosure.

5. The property listed in paragraph 3 went into probate since there was no mention of who would receive said property in the will or trust of Charles and Ruth Ledin.

6. Plaintiff received said property from the probate hearing and subsequently obtained an Executor's Deed and a Trustee's Deed.

7. Plaintiff's name was not on the equity loan despite several attempts by Plaintiff to take over the loan but was denied by Wells Fargo.

8. Defendant's included Plaintiff's name on Petition to Foreclose upon learning that Plaintiff filed legal pleadings opposing Wells Fargo Petition to Foreclose.

9. The Attorney who represented Wells Fargo for the Petition to Foreclose was Tricia M. Oldridge, Kansas bar# 18213.

10. Ms Oldridge was the attorney who worked on behalf of Wells Fargo to foreclose on Plaintiff's property in Reno County District Court Case No. **07CV642.**

11. Ms Oldridge filed an Amended Petition to Foreclose on January 22, 2008 which included a second party of  Ronald D. Benedict. Ms Oldridge named Mr.

Benedict by virtue of a judgment in the District Court of Reno County as a Consolidated of Case No's. 03CV583 and 03CV584, in favor of Ronald D. Benedict.   Ms Oldridge stated Mr. Benedict may claim an interest against Plaintiff's property regarding a Judgment and Decree of Dissolution of marriage Nunc Pro Tunc filed November 20, 2001 case No. 99FC210365 in the Circuit Court of Jackson County, Missouri at Independence.

12. Plaintiff filed a responsive pleading stating the party of Ronald D. Benedict was not properly joined pursuant to **K.S.A. 60-219.**

14. Ms Oldridge failed to file any responsive pleadings.

15. Mr. Ronald Benedict, who was never made a party to the Petition to Foreclose, filed a pleading stating he had no interest in said property.

16. On June 24, 2008, the District Court of Reno County conducted a hearing in which Ms Oldridge and Mr. Benedict were present. Plaintiff was not present because he never received a notice of said hearing. The District Court of Reno County, Judge Timothy Chambers, Dismissed the case without prejudice based on Ms Oldridge's Motion to Dismiss.

**Charges**

17. Plaintiff claims Defendant's are jointly and severally liable for injuries Plaintiff has suffered and for the Jury Trial to return a verdict of guilty of the following Counts listed herein. The preponderance of the evidence will show Defendants are equally responsible for Ms Tricia M. Oldridge's negligence. Defendants are engaged in illegal debt collection practices which is being conducted as a whole by their law firm.

18. Plaintiff claims relief to charge Defendants with violating both State and Federal laws on the following Counts:

**Count 1**

**(a)  U.S.C.  15 § 1692f.  Unfair Practices by Debt Collectors:**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Therefore, Defendant's are guilty on **Count 1**, Unfair Debt Collection Practices.

## Count 2

**(b) U.S.C. 15 § 1692e. False or Misleading Representations by Debt Collectors**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

(A) lose any claim or defense to payment of the debt; or

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt

collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Therefore, Defendant's are guilty on **Count 2** False or Misleading Representations by a Debt Collector.

**Count 3**

**(c) U.S.C. 15§ 1692i. Legal Actions by Debt Collectors**

**Venue**

Any debt collector who brings any legal action on a debt against any consumer shall—

**(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

**(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

**(A)** in which such consumer signed the contract sued upon; or

**(B)** in which such consumer resides at the commencement of the action.

**(b) Authorization of actions**

Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

Therefore, Defendant's are guilty on **Count 3,** an Unauthorized Action by a Debt Collector to bring a legal action through their Petition to Foreclose as described herein.

19. Defendant's illegal practice of law was an unauthorized action of a debt collector to collect a debt through a Petition to Foreclose. That Plaintiff obtained injuries as a result of such illegal acts conducted by Defendants which is in violation of the Federal Laws as described above.

20. That such a practice by Defendant's to bring an unauthorized action of a Debt Collector through a Petition to Foreclose is intentional act to harm Plaintiff. Such an action therefore entitles Plaintiff to seek extraordinary relief in an assessment of damages.

**Count 4**

21. Defendant's are jointly and severally liable for the negligence of Trica M. Oldridge, Kansas bar# 18213. Defendant's are in the debt collection business as a whole and are therefore responsible for the separate actions of attorneys licensed to practice law by their firm. Therefore, Plaintiff claims to add the statement "Defendants acting as a whole" to replace Trisha M. Oldridge bar# 18213.

22. Defendant's acting as a whole are guilty of violating Plaintiff's Rights to Due Process. The preponderance of the evidence will show that Defendant's named Mr. Benedict as a party to the First Amended Petition to Foreclose without a hearing and the use of Discovery. That such an action by Defendant's was an intentional act to harm Plaintiff and a violation of Plaintiff's Rights to Due Process.

23. Defendant's acting as a whole named Ronald D. Benedict as a party to their first Amended Petition to Foreclose without the use of discovery and failed to allow Plaintiff the use of discovery, pursuant to **K.S.A. 60 – 226**:

(a) *Discovery methods*. Parties may obtain discovery by one or more of the following methods: Depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under K.S.A. 60-234, subsection (a)(1)(C) of K.S.A. 60-245 or 60-245a and amendments thereto, for inspection and other purposes; physical and mental examinations; and requests for admission.

(b)  *Scope of discovery*. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In general:* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or

defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Except as permitted under subsection (b)(4), a party shall not require a deponent to produce, or submit for inspection, any writing.

Therefore, Defendant's are guilty on **Count 4** Failure to allow Plaintiff the use of Discovery pursuant to **K.S.A. 60-226** and violating Plaintiff's Rights to Due Process.

## Count 5

24. That Defendants acting as a whole failed to properly join a party as described in **K.S.A. 60-219** and amendments thereto. Defendant's failed to properly join Ronald D. Benedict as a party to the action in their First Amended Petition to Foreclose:

*It has been a long standing tradition in case law that a party must be joined in foreclosure proceedings when a party foreclosing knows or should know of a person who occupies real estate. The foreclosure of a mortgage affects the rights and interests of only such persons as are made parties; and one in possession of real estate under claim of right from a mortgagor is a necessary party to a*

11

*foreclosure of the mortgage, and a decree of foreclosure is not effective as to him unless he is joined.*

The factors a court must consider in determining whether a suit must be dismissed under K.S.A. 60-219(b) include: (1) the extent to which a judgment rendered in the nonparty's absence might prejudice the right of the nonparty or the existing parties; (2) the extent to which such prejudice may be lessened or avoided by shaping the judgment or relief granted; (3) the adequacy of any judgment rendered without the nonparty; and (4) whether dismissal of the suit would leave the present plaintiff without an effective remedy. See K.S.A. 60-219(b).

25. Defendant's made no attempt to properly join said party and is therefore not entitled to an effective remedy.

Therefore, Defendant's are guilty on **Count 5** Failure to Properly Join a Party pursuant to **K.S.A. 60-219**.

## Count 6

26. Defendant's failed to answer Plaintiff's Motions and other pleadings as required by **K.S.A. 60 – 212**:

*A party served with a pleading stating a cross-claim against such party shall serve an answer thereto within 20 days after the service upon such party. The plaintiff shall serve such plaintiff's reply to a counterclaim in the answer within 20 days after service of the answer or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs. The service of a motion permitted under this section alters these periods of time as follows, unless a different time is fixed by order of the court: (1) If the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; (2) if the court grants a motion for a more definite statement the responsive pleading shall be served within 10 days after the service of the more definite statement.*

Therefore, Defendant's are guilty on **Count 6** Failure to File an Answer pursuant to **K.S.A. 60 – 212**.

## Assessment of Damages

Plaintiff has suffered irreparable harm and injuries as a result of illegal actions conducted by Defendant's. That such harm and injuries include but are not limited to: job loss, inability to sleep, inability to concentrate, Plaintiff's actions for conducting research on state and Federal laws to protect his property, and a falling away of Plaintiff's siblings due to said foreclosure. That Plaintiff's siblings had also suffered as a result of Defendant actions, as they desired to sell the property before it went into probate. Plaintiff had no financial means to retain legal counsel or an attorney and he conducted extensive research to protect his property. Therefore, Plaintiff claims relief to assess damages from the harm and injuries he has suffered as listed below:

Plaintiff claims $80,000 in Actual Damages.

Plaintiff claims $8,000,000.00 in Compensatory Damages.

Plaintiff claims $1,920,000.00 in Punitive Damages.

**WHEREFORE  PLAINTIFF** prays for a Jury Trial  to return a verdict of guilty against the Defendant's of South and Associates. The preponderance of evidence will show Defendant's are guilty based on the following **Counts**:

<u>**Count 1**</u>

**(a)  U.S.C.  15 § 1692f.  Unfair Debt Collection Practices**

<u>**Count 2**</u>

**(b) U.S.C.  15 § 1692e.  False or Misleading Representations by a Debt Collector**

<u>**Count 3,**</u>

**(c) U.S.C. 15§ 1692i.  Illegal Actions by Debt Collectors**

An unauthorized action by a debt collector to bring a legal action through their Petition to Foreclose as described in paragraph 18 et. seq.  and further described herein.

<u>**Count 4**</u>

Failure to allow Plaintiff the use of Discovery pursuant to **K.S.A. 60-226**  and violating Plaintiff's Rights to Due Process.

<u>**Count 5**</u>

Failure to properly join a party pursuant to **K.S.A. 60-219**.

<u>**Count 6**</u>

Failure to file an Answer pursuant to **K.S.A. 60 – 212**.

Plaintiff prays the Jury Trial to return a verdict of guilty and:

1. An assessment of damages totaling $10 Million Dollars:

(a) Plaintiff claims Actual Damages in the amount of $80,000.00.

(b) Plaintiff claims Compensatory Damages in the amount of $8,000,000.00.

(c) Plaintiff claims Punitive Damages in the amount of $1,920,000.00.

2. For Defendant's to pay Plaintiff's mortgage of approximately $25,000.00 plus interest and fees and a Title free and clear of any mortgage and that said Title be placed in Plaintiff's name.

3. For a Bench Ruling from the District Court for a Temporary Restraining Order (TRO) be placed on the Defendants, the law firm of South and Associates. That they be restrained from practicing law until such time that they make a settlement offering that is acceptable to Plaintiff.   That failure to make a settlement offering entitles the Jury Trial to recommend Defendant's for permanent disbarment from the debt collection practice of law.

4. That such a consideration for a guilty verdict by a Jury Trial stem from the preponderance of evidence shown by Plaintiff. That said verdict indicates Defendants acted as a whole in an intentional act to harm and cause injuries to Plaintiff.

16

5. That Defendant's be found guilty of all violations as stated herein and that

Defendants pay the filing costs for Plaintiff's Civil Action Complaint.

6. That Plaintiff submits preliminary **Exhibits 1, 2 and 3**, showing by the

preponderance of the preliminary evidence that Defendant's are guilty of the

**Charges** and **Counts** as stated herein.

By

Jonathan E. Ledin, Plaintiff

801 W 19th

Hutchinson, Kansas 67502

620-200-9564

## CERTIFICATE OF SERVICE

I do hereby certify that on the 31st day of October 2008, I mailed a copy of
the Civil Action Complaint along with **Exhibits 1,2 and 3** by Certified U.S. Mail,
postage prepaid, to:


South and Associates P.C., Defendants

245 N. Waco #400

Wichita, Kansas 67202

(316) 684-7733

Jonathan E. Ledin, Plaintiff

IN THE EIGHTEENTH JUDICIAL

DISTRICT COURT OF SEDGWICK COUNTY

WICHITA, KANSAS

| | | |
|---|---|---|
| Jonathan E. Ledin, Plaintiff | ) | |
| 801 W 19 | ) | |
| Hutchinson, Ks 67502 | ) | K.S.A. CHAPTER 60 |
| 620-899-8565 | ) | Demand for Jury Trial |
| vs. | ) | |
| South and Associates P.C., Defendants | ) | |
| 245 N. Waco #400 | ) | |
| Wichita, Kansas 67202 | ) | |
| (316) 684-7733 | ) | |

## PLAINTIFF'S EXHIBIT NUMBER 1

## MOTION TO DISMISS CASE

### BY

### TRICIA M. OLDRIDGE KANSAS BAR# 18213

## PLAINTIFF NEVER RECEIVED SAID NOTICE

FILED

2008 JUN 13  AM 10: 20

CLERK OF DISTRICT COURT
RENO COUNTY, KANSAS

## IN THE DISTRICT COURT OF RENO COUNTY, KANSAS
### CIVIL DEPARTMENT

Wells Fargo Bank, NA

Plaintiff,

vs.

Jonathan E. Ledin, et al.

Defendants.

Case No.  07CV642

Court Number:

Pursuant to K.S.A. Chapter 60

### MOTION TO DISMISS CASE

COMES NOW Plaintiff, Wells Fargo Bank, NA, by and through its attorney, Tricia M. Oldridge of the firm of South & Associates, P.C., and moves the Court for an order dismissing this foreclosure action without prejudice.

In support of this Motion, Plaintiff states that it has decided not to pursue further collection against the Note and Mortgage at this time. This case dismissed so that the Note and Mortgage are fully reinstated according to their original terms.

WHEREFORE, Plaintiff respectfully requests the Court to dismiss this action without prejudice so that the Note and Mortgage are reinstated according to their original terms.

South & Associates, P.C.

Tricia M. Oldridge (KS # 18213)
245 N. Waco Street, Suite 400
Wichita, KS 67202
(316) 684-7733, ext.
(316) 684-7766 (Fax)
Attorneys For Plaintiff

File No. 81218

## CERTIFICATE OF MAILING

I certify that a true copy of Plaintiff's Motion to Dismiss Case was mailed on 6|12|08, to:

Catherine A. Donnelly
Catherine A. Donnelly
307 E. 23rd St.
Independence, MO 64050

_Tricia M. Oldridge_

Tricia M. Oldridge

File No. 81218                                         2

# IN THE EIGHTEENTH JUDICIAL

## DISTRICT COURT OF SEDGWICK COUNTY

## WICHITA, KANSAS

| | | |
|---|---|---|
| Jonathan E. Ledin, Plaintiff | ) | |
| 801 W 19 | ) | |
| Hutchinson, Ks 67502 | ) | K.S.A. CHAPTER 60 |
| 620-899-8565 | ) | Demand for Jury Trial |
| vs. | ) | |
| South and Associates P.C., Defendants | ) | |
| 245 N. Waco #400 | ) | |
| Wichita, Kansas 67202 | ) | |
| (316) 684-7733 | ) | |

## PLAINTIFF'S EXHIBIT NUMBER 2

## ANSWER OF SEPARATE DEFENDANT

## RONALD D. BENEDICT

## IN THE DISTRICT COURT OF RENO COUNTY, KANSAS
### CIVIL DEPARTMENT

WELLS FARGO BANK, N.A.
                    Plaintiff,

vs                                                        Case No: 07CV642

JONTHAN LEDIN,                                            KSA Ch. 60
JOHN AND MARY DOES, and
RONALD D. BENEDICT, et al
                    Defendants.

### ANSWER OF SEPARATE DEFENDANT RONALD D. BENEDICT

**COMES NOW SEPARATE DEFENDANT** RONALD D. BENEDICT and for his answer

to the First Amended Petition to Foreclose Mortgage against lands, commonly known as 801 West

19th Avenue, Hutchinson, Kansas 67502, and legally described as:

Tract 1: The North 83 ½ feet of Lots 12, 2, 3, and 4, Block 28, College Hill Addition to the
City of Hutchinson, Reno County, Kansas, according to the duly recorded Plat thereof.

Tract 2: Easement over and across the South 91 feet of Lots 1, 2, 3 and 4, Block 28, College
Hill Addition to Hutchinson, Kansas, for public utility lines as the same are now located, together
with ingress and egress to repair and maintain the same. Said easement to run with the title to the
lands.

alleges and states to the court as follows to wit:

1. Separate Defendant Ronald D. Benedict claims no interest in the above described real

estate, and therefore asserts no legal defense to foreclosure.

2. Separate Defendant Ronald Benedict having fully answered prays to be dismissed from

the above entitled action, or in the alternative prays that the Wells Fargo Bank Mortgage, subject to

this action be declared a first and prior lien on the Property; and that its Mortgage be foreclosed, and

for such other and further relief as is suitable in the cause.

Respectfully submitted,

BENEDICT & DONNELLY

*CATHERINE A. DONNELLY Ks Bar 13018*

CATHERINE A. DONNELLY Ks Bar 13018
307 East 23rd Street
Independence, Missouri  64050
Tel: 816.254.4011  Fax: 816.254.5822
ATTORNEY FOR SEPARATE DEFENDANT

Certificate of Service

I Hereby Certify a copy of the above and foregoing ANSWER was transmitted by regular mail, and fax transmission to (316-684-7766)  , which transmission was confirmed as being received without error, this 19th day of February, 2008
and by surface mail to:

SOUTH & ASSOCIATES, P.C.
Tricia M. Oldridge, Esq.
8621 East 21st Street North, Suite 170
Wichita, Kansas    67206

JONATHAN E. LEDIN
and/or John Doe/Mary Doe (Tenant/Occupant)
801 W. 19th Avenue
Hutchinson, Kansas   67502-4107

Reno County District Court
Civil Department Clerk's Office
206 West First Avenue
Hutchinson, Kansas 67501

CATHERINE A. DONNELLY

IN THE EIGHTEENTH JUDICIAL

DISTRICT COURT OF SEDGWICK COUNTY

WICHITA, KANSAS

| | | |
|---|---|---|
| Jonathan E. Ledin, Plaintiff | ) | |
| 801 W 19 | ) | |
| Hutchinson, Ks 67502 | ) | K.S.A. CHAPTER 60 |
| 620-899-8565 | ) | Demand for Jury Trial |
| vs. | ) | |
| South and Associates P.C., Defendants | ) | |
| 245 N. Waco #400 | ) | |
| Wichita, Kansas 67202 | ) | |
| (316) 684-7733 | ) | |

## PLAINTIFF'S EXHIBIT NUMBER 3

ORDER DISMISSING CASE

SIGNED BY JUDGE CHAMBERS

RENO COUNTY DISTRICT COURT

FILED

2008 JUN 24 AM 9: 13

CLERK OF DISTRICT COURT
RENO COUNTY, KANSAS

## IN THE DISTRICT COURT OF RENO COUNTY, KANSAS
## CIVIL DEPARTMENT

Wells Fargo Bank, NA

Plaintiff,

vs.

Jonathan E. Ledin, et al.

Defendants.

Case No.  07CV642

Court Number:

Pursuant to K.S.A. Chapter 60

### ORDER DISMISSING CASE

Now on this _24_ day of _June_, _2008_, the Motion to Dismiss Case, without prejudice, as to all causes of action contained in Plaintiff's Petition is presented for decision. Plaintiff appears by and through its attorney, Tricia M. Oldridge of the firm of South & Associates, P.C.  Defendant Ronald D. Benedict appears by and through attorney, Catherine Donnelly.   There are no other appearances.

The Court, after being fully advised in this matter, finds that Plaintiff's Motion should be sustained and this case is dismissed without prejudice as to all causes of action contained herein.

IT IS SO ORDERED.

_____
JUDGE OF THE DISTRICT COURT

File No. 81218

South & Associates, P.C.

Tricia M. Oldridge (KS # 18213)
245 N. Waco Street, Suite 400
Wichita, KS 67202
(316) 684-7733, ext. 338
(316) 684-7766 (Fax)
Attorneys For Plaintiff

File No. 81218

ORDER OF DISMISSAL
CASE NO. 07CV642

Approved By:

Catherine A. Donnelly
Catherine A. Donnelly
307 E. 23rd St.
Independence, MO 64050

_____
Attorney for Ronald D. Benedict

File No. 81218