IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONATHAN E. LEDIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-1368 WEB-DWB |
| ) | |
| SOUTH & ASSOCIATES, P.C. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This action was originally filed by Plaintiff Jonathan Ledin in the District Court of Seward County, Kansas, as Case No. 08-cv-4232.  The defendant, South & Associates, P.C., filed Notice of Removal to United States District Court, alleging that removal is proper because this court has original jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1331, where a federal question exists, and under 15 U.S.C. § 1692k (d), which grants jurisdiction to United States District Courts for actions concerning the Fair Debt Collection Practices Act.  The matter is now before the court on the Plaintiff's motion to remand the action to state court.  The court has reviewed the briefs relating to the motion and concludes that oral argument would not assist in deciding the issues presented.  For the reasons stated herein, the court finds that the Plaintiff's Motion to Remand (Doc. 9) and Second Motion to Remand (titled "Petition to Re-Affirm Motion for Remand," Doc. 11) are denied.

1

**FACTS**

1. On October 31, 2008, Plaintiff Ledin filed the current action against Defendant South & Associates, P.C., in the District Court of Sedgwick County, Kansas. (Doc. 1, ¶ 2).

2. On November 3, 2008, Defendant was personally served with a summons and petition by the Sheriff of Sedgwick County, Kansas. (Doc. 1, ¶ 3).

3. On November 21, 2008, Defendant timely filed Notice of Removal to United States District Court claiming that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, and subsequently, that the action can be removed pursuant to 28 U.S.C. § 1441 (b) and (c). (Doc. 1).

**SUMMARY OF ARGUMENTS**

Defendant claims that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff claims violations of federal law, 15 U.S.C. § 1692. Defendant argues that the Plaintiff's complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, which raises a federal question. Further, the Fair Debt Collection Practices Act specifies that any action to "enforce any liability created by this subchapter may be brought in any appropriate United States district court..." 15 U.S.C. § 1692 (d).

Plaintiff argues that the Defendant's Notice of Removal is "unmerited, lacking foundation, and is frivolous in nature." (Doc. 9, ¶ 6). Plaintiff claims that this Court does not have jurisdiction because the "Defendants originally agreed that the District Court was designated as the place of trial." (Doc. 9, ¶ 7).

**RULE OF LAW**

Federal courts are courts of limited jurisdiction with specific jurisdictional requirements, thus parties seeking to bring their case in federal court must successfully allege that court's jurisdiction. *See generally,* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Parties cannot confer federal jurisdiction when it is lacking. *Ins. Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982). If a "court lacks subject matter jurisdiction, all rulings are a nullity, lacking any force and effect." *Boeing Wichita Credit Union v. Wal-Mart Real Estate Business Trust,* 370 F.Supp.2d 1128, 1129 (D. Kan. 2005).

"[R]emoval statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290-91 (10th Cir. 2001). The removing party must meet its burden of establishing federal jurisdiction "in the notice of removal itself, not a later document." *Eatinger v. BP Am. Prod. Co.,* 524 F.Supp.2d 1342, 1345 (D. Kan. 2007), *citing Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995).

Removal is appropriate when a federal question exists. *See,* 28 U.S.C. § 1331 and 28 U.S.C. § 1441. "[F]ederal district courts shall have original jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* An action filed in a state court is removable if the United States District Court has jurisdiction. *See,* 28 U.S.C. § 1441.

**DISCUSSION/ANALYSIS**

Plaintiff includes Exhibit A in support of its Motion to Remand. Exhibit A is the Defendant's Designation of Place of Trial, which states: "Comes now, the Defendant, South &

Associates, P.C., and designates the United States District Court of Wichita, Kansas, as the place of trial." (Exhibit A to Doc. 9).

Although the District Court of Seward County, Kansas is a district court, it is a state court. It is not a United States District Court as specified to have jurisdiction over alleged violations of the Fair Debt Collection Practices Act, which is the basis for the first three counts in the Plaintiff's Complaint. *See,* 15 U.S.C. § 1692 (d). These allegations of violations of a federal law, the Fair Debt Collection Practices Act, indicate the presence of a federal question because the claim arises under a federal law.

The fact that the Plaintiff also alleges violations of Kansas Civil Procedure does not violate this Court's jurisdiction. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters not otherwise within its original jurisdiction." *Alfalfa Cubes, Inc. v. Dutton,* 618 F.Supp. 1425 (D.Kan. 1985).

Upon review of the Plaintiff's Motion to Show Cause and request for Rule 11 sanctions and arguments therein, this Court finds it to be without merit.

**CONCLUSION**

Federal jurisdiction is proper, and for the reasons stated above Plaintiff's Motion to Remand and Request for Sanctions (titled "Motion for Remand to State Court and an Award for Fees, Costs and Expenses and Memorandum for the Court to Issue its Own Motion to Show Cause as to Why Defendants are Not in Violation of Rule 11 Federal Rules of Civil Procedure Pursuant to Rule 11(c)(3)," Doc. 9) and Second Motion to Remand (titled "Petition to Re-Affirm

Motion for Remand," Doc. 11) are DENIED.

IT IS SO ORDERED this 11th day of February, 2009, at Wichita, Kansas.

s/ Wesley E. Brown

Wesley E. Brown<br>U.S. District Court Judge