IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


| JONATHAN E. LEDIN | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 08-1368 WEB-DWB |
| SOUTH & ASSOCIATES, P.C., and | ) | |
| WELLS FARGO BANK, NA | ) | |
| Defendants | ) | |

## M<small>EMORANDUM AND</small> O<small>RDER</small>

This action was originally filed by Plaintiff Jonathan Ledin in the District Court of Seward County, Kansas, as Case No. 08-cv-4232. The defendant, South & Associates, P.C., filed Notice of Removal to United States District Court, alleging that removal is proper because this court has original jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1331, where a federal question exists, and under 15 U.S.C. § 1692k (d), which grants jurisdiction to United States District Courts for actions concerning the Fair Debt Collection Practices Act. *See* Notice of Removal (Doc. 1). The Defendant previously filed a Motion to Dismiss for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) (Doc. 7). On, June 23, 2009 this Court issued an order denying Defendant's Motion to Dismiss and granting the Plaintiff leave to amend the complaint to conform with the pleading requirements imposed by Rule 8(a). On June 29, 2009 the Plaintiff filed an Amended Complaint .

The case comes before the Court now on the Defendant's Motion to Dismiss Plaintiff's

1

Amended Complaint. (Doc. 23). The Plaintiff has filed both a "Preliminary Answer to Defendant's Motion to Dismiss" (Doc. 42) and a "Cross Motion for the Court to Deny Dismissal" (Doc. 45).

Upon review of the briefs and for the reasons set forth herein, the Defendant's Motion to Dismiss (Doc. 23) is granted.

## DISCUSSION

The Plaintiff's amended complaint alleges in four separate "claims" that Defendants violated his right to procedural due process "as supported by the 14th Amendment of the U.S. Constitution." Doc. 22, p.7. The first claim is that South and Associates "violated Plaintiff's rights to Procedural Due Process as supported by the 14th Amendment...when Defendants of South and Associates failed to allow a fair hearing when they added a party...to Wells Fargo Bank, NA foreclosure action..." Doc. 22, p.7.

The second claim is that the South and Associates violated Plaintiff's "rights to Procedural Due Process as supported by the 14th Amendment...when Defendants of South and Associates used Unfair Dept Collection Practices as described in U.S.C. 15 §1692f which is a law of the United States to collect on a debt through the use of a foreclosure action...in which there was no fair hearing." Doc. 22, p.8.

The third claim is that South and Associates "violated Plaintiff's rights to Procedural Due Process as supported by the 14th Amendment...when [they] used False and Misleading Representations as described in U.S.C. 15 §1692e which is a law of the United States in a deceptive attempt to collect on a debt through the use of a foreclosure action...in which there was no fair hearing." Doc. 22, p.9.

2

The fourth and final claim is that South and Associates "violated Plaintiff's rights to Procedural Due Process as supported by the 14th Amendment...when [they] used Illegal Actions by Debt Collectors as described in U.S.C. 15 §1692i which is a law of the United States in a deceptive attempt to bring a legal action through the use of a foreclosure action...in which there was no fair hearing." Doc. 22, p.10.

The purpose of a Federal Rules of Civil Procedure Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint-- assuming all the factual allegations in the complaint are true. *Mobley v. McCormick*, 40 F.3d. 337, 340 (10th Cir. 1994). When making this determination, the court must evaluate whether the complaint contains enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 1969, 1974, 167 L.Ed.2d. 9226 (2007). However, Rule 12 (b)(6) does not require detailed factual allegations, but the complaint must set forth enough facts that, if true, entitle the plaintiff to relief. *Id.,* 127 S.Ct. At 1964-65. This requires more than mere labels, conclusions or a formulaic recitation of the elements of a cause of action. *Id.*

Essentially, to survive a 12(b)(6) motion to dismiss, the plaintiff must allege enough facts–that if true–would be sufficient to state a claim which is "plausible"–not merely conceivable–on its face. *See id.* at 1974. In its determination, the court must accept the plaintiff's
facts alleged in the complaint as true, even if they appear questionable. *Id.* at 1965. Additionally, the court must make reasonable inferences in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (internal citations omitted). But the factual allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at

3

1965. "The mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) (quotation omitted).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Courts have held that this requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. A complaint is also insufficient if it includes "naked assertion[s]" absent "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

"It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S.Ct. 1937, 1951 (2009).

To survive a Motion to Dismiss, the Plaintiff "would need to allege more by way of factual content to 'nudg[e]' his claim...'across the line from conceivable to plausible.'" *Id.* at 1952, *quoting Bell Atlantic, Corp. v. Twombly*, 550 U. S., at 570.

All four of Plaintiff's claims in the Amended complaint allege that South and Associates, a private entity, violated his 14th Amendment right to procedural due process. The 14th Amendment provides that "[n]o state...shall deprive any person of life, liberty, or property without due process of law." U.S. Const., amend. XIV. The 14th Amendment does not apply to private conduct. *See District of Columbia v. Carter,* 409 U.S. 418 (1973).

There has been no allegation of how (or if) the defendants' actions in this case could possibly be construed as state action. The District Court of Reno County, Kansas–which is not a party to this case–provided the judicial forum for the foreclosure proceedings. But where a state "does no more than furnish a neutral forum for the resolution of issues and has no interest in the outcome of the lawsuit, the State court's action in issuing an order cannot be imputed to the private party seeking issuance of the order." *Norton v. Liddel,* 620 F.2d 1375, 1380 (10th Cir., 1980). Even the "private misuse of state procedures or violations of state law does not amount to state action." *Roemer v. Security Bancshares*, 978 F.Supp 988, 991 (D. Kan. 1997)(*citing Cobb v. Saturn Land Co., Inc.,* 966 F.2d 1334, 1336 (10th Cir. 1992).

A "private defendant must still 'make use of state procedures with the overt, *significant* assistance of state officials' in order to involve state action ' *substantial enough* to implicate the Due Process Clause.' " *Connecticut v. Doehr,* 501 U.S. 1, 10-11 (1991). (quoting *Tulsa Professional Collection Servs., Inc. v. Pope,* 485 U.S. 478, 486 (1988)) (emphasis added).

Additionally, the Court notes that in Defendant South and Associate's Motion to Dismiss (Doc. 23), they state that *even if* there was state action, the underlying foreclosure action was voluntarily dismissed without prejudice by South and Associates at the request of its client, and the Plaintiff remains the current owner of the property. Therefore, there has been no deprivation

5

of property.

As a pro se plaintiff, Ledin's complaint is to be liberally construed and "however inartfully pleaded," it must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *see also Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007). However, even under less stringent standards, Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 23) is GRANTED.

IT IS SO ORDERED this 18th day of December 2009, at Wichita, Kansas.

 s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge